UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80462-CIV-SINGHAL

YOCELIN G. ORELLANA,

    Plaintiff,

v.

EL BALCON DE LAS AMERICAS V, INC.,
*et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon Defendants' Motion to Enforce Settlement Agreement and Dismiss Case with Prejudice (DE [7]).  The parties have fully briefed the issues and the Court held an evidentiary hearing on June 23, 2020.[1]  For the reasons that follow, Defendant's Motion to Enforce Settlement Agreement and Dismiss Case with Prejudice is **GRANTED.**

I.    BACKGROUND

Plaintiff, Yocelin Orellana ("Orellana"), filed this claim for unpaid overtime compensation in the Circuit Court for Miami-Dade County, Florida.  Orellana worked as a cook at a restaurant owned and operated by El Balcón de las America V, Inc.  She alleges she worked an average of 55 hours per week but was not paid overtime compensation

---

[1] The Motion to Enforce Settlement Agreement and Dismiss Case with Prejudice was filed on March 26, 2020.  At the time the motion was filed, the Court had ceased public hearings due to COVID-19 regulations.  Anticipating that the Court would be open by then, the hearing was set for June 23, 2020.  When it became obvious that the COVID crisis would not be resolved by the date of the hearing, the Court ordered the evidentiary hearing be conducted via video conferencing, *i.e.*, "Zoom."

for the hours worked in excess of forty. Her Complaint seeks relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* She alleges she is owed $7,514.85 in unpaid overtime compensation, an equal amount in liquidated damages for a total of $15,029.70, plus attorney's fees and costs (DE [1-2]). Defendants removed the case to this Court on March 20, 2020 and six days later filed the present motion.

II.     FINDINGS OF FACT

At the evidentiary hearing, attorney Ariana Hernandez ("Hernandez") testified on behalf of Defendants. Defendants introduced documents concerning the settlement negotiations (DE [19]) which were admitted into evidence. Both parties presented testimony by Orellana. The Court finds the following matters to be undisputed or proved by a preponderance of the evidence.

Orellana made two claims against Defendants: an EEOC charge of discrimination and an FLSA overtime claim.[2] On February 3, 2020, the lawyers exchanged emails about a possible global settlement. Orellana's lawyer stated that he believed a global settlement would not be possible, but if Defendants wanted to resolve the FLSA claim separately, he would "provide an offer." (DE [7-2]). On February 4, 2020, he notified Hernandez that the FLSA suit had been filed and demanded $17,000 to settle only that claim. Hernandez responded that "El Balcón accepts Plaintiff's offer to resolve Plaintiff's FLSA claim in its entirety for $17,000." She offered to prepare the agreement and motion for approval, since the FLSA action had already been filed. Orellana's lawyer responded

---

[2] Plaintiff has alleged a discrimination claim against El Balcón but that claim is not part of this action. The Court has no knowledge of the nature or status of that discrimination claim.

2

that approval would not be necessary because the FLSA case had been filed in state court.[3]

Hernandez prepared the first draft of the settlement agreement and designated the settlement amount to pay Orellana's entire wage claim of $7,514.85, plus an equal amount for liquidated damages, and $1,970.30 for attorney's fees and costs. Orellana's lawyers revised that draft to reduce the amount paid to Orellana to $5,100.00 for unpaid wages, an equal amount in liquidated damages, and $6,800.00 for attorney's fees and costs. Hernandez testified that the breakdown of the settlement proceeds between wages, liquidated damages, and attorney's fees was not an issue that concerned the Defendants.

The written agreement underwent several additional changes including carving out the EEOC complaint from the release. On February 21, 2020, Orellana's lawyer stated via email, "Looks good to go. I will forward to my client for signature." (DE [19-6]). Later that day, Orellana's lawyer emailed Hernandez and stated, "I just spoke to my client, there was a misunderstanding and miscommunication about what she believes she was owed. Accordingly, she does not except [sic] the settlement agreement." (DE [19-7]).

Orellana testified at the evidentiary hearing that she had authorized her lawyer to negotiate on her behalf and that she authorized him to settle the case for $17,000. She believed that he understood and would protect her concerns and conditions. Her conversations with her lawyer were translated by the lawyer's secretary. Orellana testified, however, that she believed the entire $17,000 settlement proceeds would be

---

[3] In the Eleventh Circuit, the court must approve FLSA settlements to ensure that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350 (11th Cir. 1982).

paid to her, and when the settlement agreement as drafted was presented to her, she refused to sign it.  This testimony cannot be credible.  The Complaint and Statement of Claim establish the total of unpaid wages and liquidated damages at $15,029.70.  Orellana cannot credibly testify that she believed she was entitled to more than that amount.  Orellana authorized her lawyers to settle her claim for $17,000 and attorney's fees were part of that claim.  The Court concludes, therefore, that Orellana intended to settle the FLSA case in its entirety for $17,000 and that amount satisfied the claimed unpaid wages, liquidated damages, and attorney's fees.

### III.     CONCLUSIONS OF LAW

"A district court has jurisdiction to enforce settlement agreements when one party refuses to abide by the agreement . . . ."  *Le Bon Pain, Inc. v. Guyon & Co.,* 720 F. Supp. 983, 984–85 (S.D. Fla. 1989); *accord Ford v. Citizens & S. Nat. Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991) (discussing a district court's inherent power to enforce settlement agreements).  Settlement agreements are highly favored.  *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1487 (11th Cir. 1994) ("We favor and encourage settlements in order to conserve judicial resources.  We cannot allow a litigant to attack the integrity of the settlement process by attempting to recharacterize the focus of his litigation after he decides he is unhappy with the settlement.").

State law governs both "the construction of [a] settlement agreement and the attorney's authority to enter into that agreement on behalf of his client." *Ford*, 928 F.2d at 1120.  The burden of showing that an opposing party assented to the terms of an agreement rests with the party seeking its enforcement.  *See Long Term Mgmt., Inc. v. Univ. Nursing Ctr., Inc.*, 704 So.2d 669, 673 (Fla. 1st DCA 1997) (noting that the party

seeking to enforce a settlement agreement has the burden of establishing "a meeting of the minds or mutual reciprocal assent to a certain and definite position" and such a finding "must be supported by competent substantial evidence").  To determine whether an enforceable contract exists, courts look to traditional notions of offer and acceptance and to basic contract law. *Robbie v. Miami*, 469 So.2d 1384, 1385 (Fla. 1985). Florida applies an "objective test" to determine whether a contract or a settlement may be duly enforced. *Id.*  "A contract is formed when the parties express their mutual assent to the essential terms."  *Enriquez v. Williams*, 2010 WL 3608462 (M.D. Fla. Aug. 20, 2010).

The evidence in this case unequivocally establishes that Orellana authorized her lawyer to settle her FLSA claim for $17,000.  She relied upon her lawyer to include her concerns and conditions in the settlement.  Thus, Defendants have established the lawyer's authority to settle and, therefore, Orellana is bound by the settlement's terms. *See Vital Pharmaceuticals, Inc. v. S.A.N. Nutrition Corp.*, 2007 WL 1655421, at *5 (S.D. Fla. June 6, 2007) (attorney's authority to enter into settlement agreement bound litigant to the agreement's terms).

The evidence also establishes that a contract was formed that expressed mutual assent to the essential terms.  Orellana's lawyer transmitted a final, written settlement agreement (DE [19-1]) to Defendants' lawyer that contained every term necessary to settle Orellana's FLSA claim (and preserve her EEOC claim).  "Looks good to go" and "Here is the final version. Please confirm that the only tax form you need from Ms. Orellana is assigned W-9" penned by Orellana's lawyer in reference to the settlement agreement (DE [19-6]), clearly establishes a meeting of minds.  *See Swisher Int'l Inc. v. Encore Vapor, Inc.,* 2018 WL 707421, at *4 (M.D. Fla. Feb. 5, 2018) (course of dealing

and negotiations between lawyers established assent to material terms, notwithstanding absence of signed settlement agreement). Thus, the Court concludes that a valid, enforceable settlement agreement was reached.

The Court rejects Orellana's argument that a settlement agreement cannot exist in this case because it has not yet been approved by the Court as required by *Lynn's Foods*, 679 F.2d 1350. At the time the settlement was reached, the case was pending in state court and Orellana's lawyer expressly rejected the need for approval (DE [7-2]). After Orellana refused to sign the agreement, Defendants removed the case to this Court, where approval of a compromised settlement is necessary if the plaintiff is receiving less than her full wage claim. *Id.*

The Court expressly finds that a settlement agreement has been reached whereby Defendants will pay $17,000.00 to settle Orellana's FLSA claim, including wages, liquidated damages, and attorney's fees. This amount exceeds the amount claimed by Orellana in her Complaint (DE [1]) and Statement of Claim (DE [9]). The parties may submit the final written settlement agreement (DE [19-1]) to the Court for approval or, alternatively, may revise the settlement agreement to pay Orellana the entire amount claimed in her Complaint and Statement of Claim and submit a Stipulation for Dismissal to the Court.

For the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Enforce Settlement Agreement (DE [7]) be and the same is **GRANTED.** Yocelin Orellana is directed to sign the Settlement Agreement. The parties shall submit either a Motion to Approve Settlement Agreement or a Stipulation for Dismissal in accordance with the findings

above within 14 days of the date of this Order.   If a Motion to Approve Settlement is submitted, Defendants shall include a response to Plaintiff's Statement of Claim (DE [9]). If a Stipulation for Dismissal is filed, the Stipulation shall recite the full amount of wages and liquidated damages to be received by Plaintiff and the amount of attorney's fees to be paid to her lawyers.

  **DONE AND ORDERED** at Chambers, Fort Lauderdale, Florida, this 14th day of July 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF